**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID BOGDAN,**[1] | : | |
| **as the Administrator of** | : | |
| **THE ESTATE OF** | : | |
| **CHERYL-RENEE JOHNSON** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-5021** |
| | : | |
| **VOYAVATION, LLC** | : | |
| **f/k/a MEGABUS PHILADELPHIA,** | : | |
| **LLC a/k/a MEGABUS, ET AL.** | : | |

McHugh, J.                                                                              February 14, 2024

## MEMORANDUM

This is a diversity action that was pending in state court for more than a year before it was removed.  Plaintiff now seeks remand pursuant to 28 U.S.C. § 1446(c), which prohibits  removal beyond a year unless a plaintiff has acted in bad faith.  Nothing in the record suggests bad faith, and the existence of diversity could easily have been ascertained within the one-year period provided by statute.  Remand will therefore be ordered.

### I.      Relevant factual background

This case arises out of a fatal bus accident.  The action was commenced by summons in state court on October 12, 2022, and the initial complaint was docketed November 23, 2022.  The defendants initially sued were named in various capacities related to the operation of the bus.  In May, 2023, some of these defendants joined by writ the supplier of the bus – ABC Bus, Inc. – asserting liability over.  Counsel for ABC promptly entered an appearance.  On August 30, 2023, Plaintiff sought leave to amend, which was granted, after which Plaintiff filed an amended

---

[1] Plaintiffs name appears as "David Bogden" in this Court's docket.  Based on the parties' briefings, the correct spelling is David Bogdan.

complaint on October 4, 2023, directly naming ABC and asserting a theory of strict liability.[2]  ABC removed the suit to this Court on December 19, 2023, and the pending motion to remand followed.

## II.     Standard

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 400 (3d Cir. 2004).  Defendants cannot remove diversity cases "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c).  In the Third Circuit, district courts must strictly construe the removal statutes in favor of state court jurisdiction, *see Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), and uphold "procedures to effect removal."  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).

## III.    Discussion

### A.   *Timeliness of the removal*

By any measure, the removal is untimely, regardless of when time began to run.  Plaintiff filed a writ of summons on October 12, 2022, followed by his initial complaint on November 23, 2022, but ABC did not remove until December 19, 2023.  Under Pennsylvania law, an action can be commenced by summons or complaint, Pa. R. Civ. P. 1007, potentially complicating the analysis of timeliness.[3]

---

[2] The Court presumes this is because Plaintiff's original complaint asserted only negligence theories.

[3] There is some ambiguity as to which date – that of the writ of summons or that of the complaint – triggers the one-year deadline under 28 U.S.C. § 1446(c).  The Third Circuit has held a writ of summons alone is insufficient to trigger each defendant's 30-day period for removal under 28 U.S.C. § 1446(b).  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005).  But *Sikirica* relied on the Supreme Court's interpretation of section 1446(b), which includes the phrase "initial pleading."  *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352 (1999)).  In contrast, under section 1446(c), the "commencement of the action" triggers the one-year deadline for removal, language that the Court in *Murphy Brothers* had no occasion to address.  And since *Sikirica,* the Third Circuit has continued to

But even assuming that time did not begin to run until the filing of the initial complaint, removal still occurred more than a year later, as the initial complaint was docketed in November of 2022 and removal did not occur until December of 2023.

B.  *The effect of the amended complaint*

ABC argues that Plaintiff's amended complaint in October of 2023 triggered a new one-year clock for removal because it both introduced a new cause of action against it and joined a new defendant.  ECF 24 at 9-14.

There is overwhelming authority that weighs against Defendant's position.  Judge DuBois of this Court addressed this question in *Corinthian Marble & Granite, Inc. v. T.D. Bank, N.A.,* No. 12- 3744, 2013 WL 272757, at *4 (E.D. Pa. Jan. 24, 2013),[4] concluding that "[a]dding new parties does not restart the one-year time period."  As part of his analysis, he cited *In re Pikeville School Bus Collision Cases,* Nos. 11-158 and 11-159, 2011 WL 6752564, at *5 (E.D. Ky.2011), which collected cases from across the federal judiciary rejecting the position ABC advances here.  Since then, the consensus of the federal courts has not changed.[5]

---

recognize that an action "commences" under Pennsylvania law when a writ of summons is issued.  *See, e.g.*, *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 132 (3d Cir. 2014).  Here, ironically, ABC initially represented that Plaintiff "commenced this . . . action in the Court of Common Pleas of Philadelphia County, Pennsylvania on October 12, 2022 by writ of summons."  ECF 1 at ¶ 1.

[4] The defense refers to this as an "unreported decision."  A district court opinion has the same persuasive authority regardless of whether is appears in the Federal Supplement or only online unless the authoring judge explicitly limits citing it as precedent.

[5] *Savoie v. BP Amoco Chem. Co.*, No. 20-01289, 2023 WL 2640242, at *3 (W.D. La. Mar. 7, 2023), *R. & R. adopted sub nom. Savoie v. B P Amoco Chem. Co.*, No. 20-01289, 2023 WL 2637867 (W.D. La. Mar. 24, 2023) ("[A] newly added defendant who removes after one year from the date of the plaintiff's original suit may only rely upon the statutory bad faith exception to justify his untimely removal."); *S. Roofing & Renovations, LLC v. Austin*, No. 21-2516, 2021 WL 4130529, at *4 (W.D. Tenn. Sept. 10, 2021) (recognizing the "outside limit for removal [as] 12 months from the initial filing"); *Morgan v. Progressive Select Ins. Co.*, No. 61844, 2021 WL 7085249, at *2 (S.D. Fla. Apr. 16, 2021) ("Cases interpreting the language of 28 U.S.C. § 1446 have found that the addition of new plaintiffs or defendants, including intervening plaintiffs, does not constitute the commencement of a new action for purposes of calculating the one-year time limit."); *Sizemore v. Auto-Owners Ins. Co.*, 457 F. Supp. 3d 585, 592 (E.D. Ky. 2020)

ABC simply ignores this precedent, and instead cites to cases decided under the Class Action Fairness Act, which establishes procedures for class actions, or cases where the outcome was controlled by nuances of the law of other states.  *See* ECF 24 at 12; ECF 26 at 2.  For obvious reasons, that does not suffice.

C.  *Whether equitable tolling or bad faith excuses untimely removal*

Because the one-year time limit is procedural, not jurisdictional, "it may be equitably tolled in certain circumstances."  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211 (3d Cir. 2014).  "Cases involving equitable tolling of the one-year time limit often focus on intentional misconduct by the plaintiff."  *Id.*  "While the contours of equitable tolling vary from context to context, [the Third Circuit] and the Supreme Court have held that equitable tolling may be appropriate if a litigant can demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  *Id.* at 212 (citations omitted). Equitable tolling provides no safe harbor here.

ABC asserts having no role in the delay of removal because it did not learn this case was removable until December 5, 2023, when it was served in a related case and reviewed a co-defendant's statement in support of removal there.[6]  But a party asserting equitable tolling has a

---

("The plain text of § 1446(c)(1) and natural usage of the key phrase – notably missing any party-or claim-specific qualification – demonstrate Congress's intent to run the one-year period from the initial complaint."); *Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, No. 20-00154, 2020 WL 4678055, at *3 n.4 (S.D. Tex. June 25, 2020), *R. & R. adopted*, No. 3:20-CV-00154, 2020 WL 4676741 (S.D. Tex. Aug. 12, 2020) ("[The defendant] asserts that, even if the state court case was not initially removable, the one-year bar is inapplicable because a newly-added defendant always has the right to remove a lawsuit to federal court.  This is simply not the law.  District courts across this great nation have uniformly rejected [this] argument."); *Holleman v. Golden Nugget Lake Charles, LLC*, No. 19-00477, 2019 WL 5855770, at *4 (W.D. La. Nov. 6, 2019) ("The legislative history supports the jurisprudence that the one-year limitation of Section 1446(c)(1) does not reset or recommence with the addition of new defendants . . . .").

[6] The notice of removal ABC cites was docketed in *Manu Sahay v. Voyavation, LLC*, No. 23-4180 (Nov. 8, 2023, E.D. Pa).

duty of diligence under both federal and Pennsylvania law.  *A.S. ex rel. Miller* at 212; *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 248 n.3 & 253 (Pa. 2021).  ABC was joined in this case as an additional defendant in May, 2023, and offers no explanation whatsoever as to why it could not determine removability as of that date.  In his initial complaint, Plaintiff revealed that he represented an estate of a Pennsylvania decedent; as a wrongful death case, the amount of controversy requirement was necessarily satisfied; there were no Doe defendants; and each defendant was identified by name and with a mailing address.  It bears emphasis that as of that point, by operation of Pennsylvania law, Plaintiff automatically had a negligence claim against ABC as an additional defendant with no need to take any other action.[7]  Still, by August 30, 2023, when Plaintiff moved for leave to amend, attaching the proposed amended complaint, ABC unambiguously knew of Plaintiff's specific intent to assert a strict liability claim against it.[8]  *See Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205-06 (2d Cir. 2001) (citations omitted) (cleaned up) ("A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading").  And when Plaintiff filed the amended complaint on October 4, 2023, ABC still had a window – albeit a brief one – within which to accomplish removal within the one-year limit imposed by § 1446(c).  Determining corporate lineage is hardly

---

[7] Pa. R. Civ. P. 2255(d) provides that: "The plaintiff shall recover from an additional defendant found liable to the plaintiff alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability."  *See Ribnicky v. Yerex,* 701 A.2d 1348, 1351 (Pa. 1997) (applying the rule).

[8] Plaintiff's Motion for Leave to Amend specifically represented that: "Consequently, Plaintiff seeks leave to amend his complaint to assert claims against Van Hool and ABC related to designing, manufacturing and/or placing into the stream of commerce the Bus without laminated windows to prevent passenger ejectment and without a roof of sufficient strength to withstand a rollover event."  Mot. for Leave to Amend, No. 21-980, at 6 (Phila. Ct. of Common Pleas Aug. 30, 2023).

a complex exercise in most cases, and where there is ambiguity, a defendant can promptly pursue discovery.  ABC cannot invoke equitable tolling in the absence of reasonable diligence on its part.[9]

ABC's arguments appear to emphasize equitable tolling rather than the bad faith exception explicitly recognized in § 1446(c).  Its arguments fail under either standard.[10]  ABC's contention that Plaintiff engaged in "flagrant forum manipulation" is baffling.  ECF 23 at 4.  First, I fail to see how Plaintiff's delay in conducting discovery had any bearing on ABC's ability to determine whether diversity existed.  Second, Plaintiff's delay in asserting a direct claim against ABC has no significance given its joinder in May of 2023, which under Pennsylvania law immediately created potential liability directly to Plaintiff as to all the claims asserted in the initial complaint.  And although I find the delay irrelevant, it should be noted that in serious accidents involving fatalities and potential criminal charges, there can be a long delay in the completion of the investigation, the results of which many law enforcement agencies will not share without a subpoena.  This lends credence to the representations of Plaintiff's counsel that amendment followed release of the Jersey State Police investigation. ECF 25 at 5. Finally, ABC can point to no affirmative misrepresentation by Plaintiff as to the corporate lineage of any of the defendants.  The allegation to which ABC

---

[9] These same facts undercut ABC's argument that it was unaware of removability until it reviewed "other paper" in a related case pursuant to § 1446(b)(3), for two reasons.  First, the case it cites, *Papp v. Fore-Kast Sales Co.,* 842 F.3d 805 (3d Cir. 2016), dealt only with extension of the 30-day period within which to file a motion for removal; it did not address the one-year limitation on removal established by subparagraph(c), which extends time only for plaintiff's bad faith.  Second, the removing defendant in *Papp* could easily demonstrate that plaintiff's complaint alleging asbestos exposure against an array of defendants did not set forth facts revealing an issue of federal officer liability.  Here, in contrast, the initial complaint pleaded sufficient facts to "intelligently ascertain" diversity of citizenship.  *See Whitaker*, 261 F.3d at 205-06.

[10] A decision from one member of this Court has suggested that equitable tolling can no longer be invoked because Congress has created the bad faith exception, *Rulis v. La Fitness,* No. 13-1582, 2015 WL 1344745, at *2 (E.D. Pa. Mar. 24, 2015).  In *A.S. ex rel. Miller* the Third Circuit considered both, 769 F.3d at 212, but that case involved events occurring both before and after amendment of the statute.  Two other cases within this circuit have since concluded that both concepts remain viable.  *Third Fagan v. Wal-Mart Stores, Inc.*, No. 21-10363, 2021 WL 3056620, at *6 (D.N.J. June 29, 2021), *R. & R. adopted*, No. 21-10363J, 2021 WL 3056497 (D.N.J. July 20, 2021); *Russello v. STIHL Inc.*, No. 20-5716, 2020 WL 5088262, at *2 (D.N.J. Aug. 28, 2020).

seeks to attach significance, that each defendant was "a corporation that regularly conducts business in Philadelphia, Pennsylvania," ECF 1 Ex. A at ¶ 8, is a routine allegation pertinent to venue, which cannot reasonably be read as an allegation that the defendants *were* Pennsylvania corporations. For that matter, there is no requirement for a plaintiff to plead the state of incorporation of any defendant. And notices of removal frequently correct or dispute erroneous representations about corporate identity in the underlying state complaint. In sum, I find no misrepresentation or concealment by Plaintiff that amounts to bad faith or other circumstances that would entitle ABC to equitable relief.

As to Plaintiff's request for counsel fees, although the issue is a close one, I exercise my discretion to deny an award.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Remand will be granted. An appropriate Order follows.

/s/ Gerald Austin McHugh
United States District Judge
